DAVID F. STERNBERG, Doing Business under the Firm Name and Style of STERNBERG & Co., Respondent, v. CHARLES CURIE and Others, Individually and as Copartners Doing Business under the Firm Name and Style of CURIE, LANE & WALLACE, Appellants.

First Department, December 14, 1934.

*Addison S. Pratt* of counsel [*Vernon C. Ryder* with him on the brief, attorney], for the appellants.

*I. Reines Skier* of counsel [*Jacob F. Adelman* with him on the brief; *A. M. Frumberg*, attorney], for the respondent.

O'MALLEY, J. The judgment appealed from, as modified by the Appellate Term, imports a finding that the defendants agreed to pay to the plaintiff, a Custom House broker, a portion of their fees to be received by them from a firm of importers, in consideration of the plaintiff's co-operating with, and rendering services to, the defendants in connection with certain protest cases in which the defendants represented the importers.

Defendants' appeal is predicated upon the ground (1) that the plaintiff failed to prove the agreement relied upon; and (2) performance of such agreement, if made.

We are of opinion that the evidence presented a question of fact with respect to the first ground upon which the appeal is based. As to the second, we are in accord with appellants' views. Upon the complaint as framed, and as limited by the bill of particulars and under the law of the case as charged by the trial justice, it was incumbent upon the plaintiff to prove that he had rendered services to the defendants in the protest cases as distinguished from the so-called appraisement matters. This he failed to do. He admitted that under his contract certain specified service was required to be performed by him. He admitted he performed none of these services. His excuse was that he left the work to be done by a clerk in the defendants' office; that the defendants did not complain and that he performed all services that the defendants required of him. Having relied upon performance in full, he may not recover upon the theory that performance was excused.

It follows, therefore, that the determination of the Appellate Term, so far as appealed from, and the judgment of the City Court should be reversed, and the complaint dismissed, with costs in all courts.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur.

Determination, so far as appealed from, and judgment of the City Court reversed and the complaint dismissed, with costs to the appellants in all courts.